# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TONYA C. HUBER<br>Plaintiff, | CASE NO: 8:21-CV-229 |
| v. | **ANSWER** |
| WESTAR FOODS, INC. d/b/a HARDEE'S<br>Defendant. | **with JURY TRIAL DEMAND** |

**COMES NOW** WESTAR FOODS, INC. d/b/a HARDEE'S, Defendant, and for its Answer to Plaintiff's Complaint, states as follows:

1. Defendant denies the allegations of paragraph 1 of the Complaint for lack of information and knowledge sufficient to form a belief as to the truth or falsity of those allegations.

2. Defendant admits the allegations contained in paragraphs 2 through 3 of the Complaint.

3. Defendant denies the allegations of contained in paragraphs 4 through 6 of the Complaint.

4. Defendant admits the allegations contained in the first sentence of paragraph 7 of the Complaint and denies the remaining allegations in paragraph 7.

5. Defendant denies the allegations contained in paragraphs 8 through 10 of the Complaint.

6. Defendant admits the allegation in paragraph 11 of the Complaint that Plaintiff was scheduled to begin work at 5:00 a.m. on December 20, 2019, and denies the remaining allegations contained in paragraph 11 of the Complaint.

7. Defendant admits the allegation contained in paragraph 12 of the Complaint that Plaintiff texted a photo of a note from a physician to her supervisor on December 21, 2019, and denies the remaining allegations contained in paragraph 12 of the Complaint.

8. Defendant denies the allegations contained in paragraph 13 of the Complaint.

9. Defendant admits the allegations contained in paragraph 14 of the Complaint, except that is denies the allegation making a reference to a recommendation of a doctor, which Defendant denies for lack of information and knowledge sufficient to form a belief as to truth or falsity of that allegation.

10. Defendant admits the allegation contained in paragraph 15 of the Complaint that Ms. Huber requested FMLA paperwork on December 24, 2019 and denies the remaining allegations contained in paragraph 15 of the Complaint.

11. Defendant admits the allegations contained in paragraph 16 of the Complaint.

12. Defendant denies the allegations contained in paragraph 17 of the Complaint.

13. Defendant admits the allegation contained in paragraph 18 of the Complaint that Plaintiff was informed of her termination of employment on December 26, 2019 and denies the remaining allegations contained in paragraph 18 of the Complaint.

14. Defendant denies the allegation contained in paragraph 19 of the Complaint that Plaintiff has diabetes for lack of information and knowledge sufficient to form a belief as to the truth or falsity of that allegation. Defendant admits that Plaintiff's employment was terminated on December 26, 2019 but denies she was terminated because of a request for FMLA leave or based on disability. Defendant denies the allegations contained in paragraph 19 that, in order to control Plaintiff's diabetes, she requires a place to store her insulin that is room temperature, time to eat, and time to test her blood sugar levels throughout the day for lack of information and

knowledge sufficient to form a belief as to the truth or falsity of those allegations. Defendant denies any remaining allegation contained in paragraph 19 of the Complaint.

15. Defendant admits the allegations contained in paragraphs 20 through 25 of the Complaint.

16. Defendant denies the allegations contained in paragraph 26 of the Complaint for lack of information and knowledge sufficient to form a belief as to the truth or falsity of those allegations.

17. Defendant denies the allegations contained in paragraph 27 of the Complaint.

18. In response to paragraph 28 of the Complaint, all prior admissions or denials are restated here.

19. Paragraph 29 does not include any factual allegations that require a response by Defendant, but to the extent any response is required, Defendant denies the allegations contained in paragraph 29 of the Complaint.

20. Defendant denies the allegations in paragraphs 30 through 31 of the Complaint.

21. In response to paragraph 32 of the Complaint, all prior admissions or denials are restated here.

22. Paragraph 33 does not include any factual allegations that require a response by Defendant, but to the extent any response is required, Defendant denies the allegations contained in paragraph 33 of the Complaint.

23. Defendant denies paragraphs 34 through 36 of the Complaint for lack of information and knowledge sufficient to form a belief as to the truth or falsity of the allegation.

24. Defendant denies the allegations contained in paragraph 37 of the Complaint.

25. In response to paragraph 38 of the Complaint, all prior admissions or denials are restated here.

26. Paragraph 39 does not include any factual allegations that require a response by Defendant, but to the extent any response is required, Defendant denies the allegations contained in paragraph 39 of the Complaint.

27. Defendant denies the allegations contained in paragraphs 40 through 45 of the Complaint.

28. In response to paragraph 46 of the Complaint, all prior admissions or denials are restated here.

29. Defendant admits the allegations contained in paragraph 47 of the Complaint, except denies for lack of information and knowledge the reference to a recommendation by a physician.

30. Defendant denies the allegations contained in paragraphs 48 through 49 of the Complaint.

31. Defendant admits the allegations contained in paragraph 50 of the Complaint that Defendant terminated Plaintiff within approximately three days of Plaintiff referring to a request for FMLA leave but Defendant denies that the termination related in any way to FMLA or a disability of the Plaintiff.

32. In response to paragraph 51 of the Complaint, all prior admissions or denials are restated here.

33. Defendant admits the allegations contained in paragraph 52 of the Complaint, except denies for lack of information and knowledge the reference to a recommendation by a physician.

34. Defendant denies the allegations contained in paragraph 53 of the Complaint.

35. Defendant admits the allegation in paragraph 54 that Plaintiff was informed of her termination of employment on December 26, 2019 and denies the remaining allegations contained in paragraph 54 of the Complaint.

36. Defendant denies any allegation of the Complaint except those specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

By way of further Answer, Defendant asserts the following affirmative defenses:

37. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

38. Plaintiff has failed in whole or in part to mitigate alleged damages.

39. Plaintiff's damages must be offset by wages or compensation earned after the end of her employment with Defendant.

40. Plaintiff's damages may be barred in whole or in part by the after-acquired evidence that would have caused Defendant to take the same action against Plaintiff at the same or an earlier time than it did.

41. Plaintiff's claims are barred in whole or in part to the extent they were not set forth in her administrative charge before the Nebraska Equal Opportunity Commission or the Equal Employment Opportunity Commission.

42. Defendant's actions were taken for legitimate, non-discriminatory reasons, and assuming that disability or FMLA might have been a consideration in any amount, which is denied, Defendant would have taken the same action based on other factors.

43. Defendant exercised reasonable care to prevent and correct promptly any alleged discrimination and, Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities by Defendant or to avoid harm otherwise.

44. Defendant has acted at all times in good faith, without fraud or malice, without discriminatory intent, for legitimate, non-discriminatory, non-retaliatory reasons, and at all times made good faith efforts to comply with the law.

45. Defendant reserves the right to plead additional affirmative defenses as they are discovered and determined applicable to the claims alleged in these proceedings.

## JURY TRIAL DEMAND

46. Defendant hereby demands trial by jury on all claims and defenses so triable.

**WHEREFORE**, Defendant prays for an order of the court dismissing the Complaint at Plaintiff's cost and expense, an award of costs incurred in defending this action, and for such other and further relief to which it is entitled herein.

Dated this 17 day of August, 2021.

                 WESTAR FOODS, INC. d/b/a HARDEE'S,
                 Defendant,

            By: */s/ Bonnie M. Boryca*
               Bonnie M. Boryca, #24886
               ERICKSON | SEDERSTROM, P.C.
               10330 Regency Parkway Drive
               Omaha, NE 68114
               (402) 397-2200
               (402) 390-7137 Fax
               boryca@eslaw.com
               *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Answer was served on this 17 day of August, 2021, upon:

Alexis Mullaney
Sodoro, Mooney & Lenaghan, L.L.O.
13924 Gold Circle
Omaha, NE 68144
amullaney@smllawoffice.com

by: [　　] U.S. Mail, postage prepaid
　　　[　　] E-mail
　　　[ X ] Electronic filing using the CM/ECF system
　　　[　　] Facsimile Transmission
　　　[　　] Hand Delivery
　　　[　　] Overnight Courier
　　　[　　] Certified Mail, Return Receipt Requested

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Bonnie M. Boryca*